IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| United States of America, | ) | CRIMINAL NO. 3:11-519 |
| | ) | |
| v. | ) | **OPINION and ORDER** |
| | ) | |
| Earl Glenn, Jr., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court pursuant to Defendant's *pro se* motion seeking evidence pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963). ECF No. 223. Defendant contends he was denied access to evidence which "if had been known by the jury would've rendered a different verdict." Mot. at 1.

Defendant raises a challenge to the viability of his conviction. Accordingly, Defendant's motion is, in reality, a motion for relief under 28 U.S.C. § 2255. "[A] motion directly attacking the prisoner's conviction or sentence will usually amount to" a § 2255 motion. *United States v. Winestock*, 340 F.3d 200, 207 (4th Cir. 2003).

If this court construes this motion as one for relief under § 2255, Defendant should be given the opportunity to either withdraw this motion, or amend it to include all grounds he wishes to raise in a § 2255 motion, as several consequences result from the filing and consideration on the merits of a § 2255 motion. *Castro v. United States*, 540 U.S. 375, 377 (2003).[1]

---

[1] The Anti-Terrorism and Effective Death Penalty Act (AEDPA) of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996), placed specific restrictions on second or successive motions under 28 U.S.C. § 2255. Prior to filing a second or successive petition under § 2255, Defendant would be required to obtain certification by a panel of the Fourth Circuit Court of Appeals allowing him to file a second or successive petition. As provided in 28 U.S.C. § 2244, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the

1

Because these limitations affect future filings by Defendant if this court proceeds with the presently-filed motion as one for relief under § 2255, the court notifies Defendant of its intent to construe the motion filed November 10, 2014, as a motion for relief under § 2255. Defendant shall either move to withdraw the motion <u>if he so chooses</u>, or amend it to include all grounds for relief he wishes to pursue by **Friday, November 28, 2014**.[2]

**IT IS SO ORDERED**.

                                          s/ Cameron McGowan Currie
                                          CAMERON MCGOWAN CURRIE
                                          SENIOR UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
November 17, 2014

---

application." 28 U.S.C. § 2244(b)(3)(A). Therefore, any subsequent motion by Defendant would be barred absent this permission to file.

[2] The court takes no position at this time as to the timeliness of a motion for relief under 28 U.S.C. § 2255. Title 28 U.S.C. § 2255 contains a one-year statute of limitations on motions for relief under § 2255. The limitation period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C § 2255(f). Therefore, unless subject to a statutory exception, a motion for relief under § 2255 must be filed within one year of a conviction becoming final.